IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00459-MSK-MJW

WEST COAST MANAGEMENT & CAPITAL, LLC, Derivatively,
on behalf of Nominal Defendant CARRIER ACCESS CORPORATION,

        Plaintiff,

v.

ROGER L. KOENIG,
TIMOTHY R. ANDERSON,
NANCY PIERCE,
JOHN W. BARNETT, JR.,
DAVID R. LAUBE,
MARK FLOYD,
THOMAS C. LAMMING,
KELD, LLC, and
LANCE W. LORD,

        Defendants.

And

CARRIER ACCESS CORP.,

        Nominal Defendant.

## ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, the parties have made an application to the Court for an order preliminarily approving the settlement (the "Settlement") of this derivative action (the "Derivative Action"), in accordance with the Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation"), which sets forth the terms and conditions for a proposed Settlement and dismissal of the Derivative Action, upon the terms and conditions set forth therein; and

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Stipulation and Settlement, subject to further consideration at the Settlement Hearing described below, including the terms and conditions for settlement and dismissal with prejudice of the Derivative Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on **January 28, 2008 at 1:30 p.m.** in the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Courtroom A901, 901 19th Street, Denver, Colorado, 80294-3589, to determine whether the Settlement of the Derivative Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Carrier Access Corporation ("Carrier Access") shareholders and to Carrier Access and should be approved by the Court; whether Plaintiff's counsel's application for an award of attorneys' fees and expenses should be approved by the Court; and whether Judgment as provided for in the Stipulation should be entered herein.

3. The Court approves, as to form and content, the Parties' proposed Notice of Pendency of Settlement of Derivative Action, and Settlement Hearing (the "Notice") attached as Exhibit B to the Stipulation. The Court finds that the giving of notice substantially in the manner set forth below is the best notice practicable under the circumstances and meets the requirements of due process under the United States Constitution and any other applicable laws, and shall constitute due and sufficient notice to all persons entitled thereto.

4. Nominal Defendant Carrier Access is ordered to administer the notice procedure as set

forth below:

>   (a) Not later than sixty (60) days prior to the Settlement Hearing, Carrier Access shall cause the Notice to be (1) published once in the national edition of the Investor's Business Daily, (ii) posted on Carrier Access' Internet Website, and (iii) published in a Form 8-K filed with the Securities Exchange Commission; and
>
>   (b) Not later than seven (7) days before the Settlement Hearing, Carrier Access shall file with the Court and serve on Plaintiff's and Defendants' Counsel proof, by affidavit or declaration, of the publishing and posting of Notice required by Paragraph 4(a).

5. Plaintiff's counsel is ordered to post the Notice on Federman and Sherwood's Internet Website.

6. Any person or entity that is a current Carrier Access shareholder and who owned Carrier Access common stock during the relevant period alleged in the Derivative Action and who owned continuously through and as of the date of the Settlement Hearing, may appear in person or by attorney at the hearing and show cause, if any, why the Stipulation of Settlement should not be approved; why a judgment dismissing the Derivative Action with prejudice as against the Defendants should not be entered and the claims of Carrier Access should not be barred permanently; and/or why the application of Plaintiff's counsel for an award of attorneys' fees and litigation expenses and an incentive award to Plaintiff should not be approved. Before the Court will consider an objection, however, such objection must be in writing and must include the objector's name, address, telephone number and signature; and must be accompanied by formal proof of continuous ownership of Carrier Access stock. Any shareholder that files a written objection and appears at the Settlement Hearing, either in person or through counsel, must also be prepared to show continuous ownership through the date of the Settlement Hearing. Any written objection must be filed with the Court and served upon the following at least twenty (20) days

before the Settlement Hearing date:

>William B. Federman
>FEDERMAN & SHERWOOD
>10205 N. Pennsylvania
>Oklahoma City, OK 73120
>Counsel for Plaintiff
>
>Douglas C. Clark
>WILSON SONSINI GOODRICH & ROSATI
>650 Page Mill Road
>Palo Alto, CA 94304-1050
>Counsel for Nominal Defendant Carrier Access

Service of papers on counsel must be by hand delivery or overnight mail. Counsel for Carrier Access shall forward copies of any objections to the individual defendants, not represented by them, by overnight mail.

     7. Any papers in support of final approval of the Stipulation shall be filed with the Court and served at least seven (7) days before the Settlement Hearing.

     8. Any reply papers in response to any objections shall be filed with the Court and served at least seven (7) days before the Settlement Hearing.

     9. If a current Carrier Access shareholder, as defined in Paragraph 6, fails to object to the Settlement of the Derivative Action, the shareholder will have waived any and all objections and shall forever be barred from making any objection to or otherwise challenging the Settlement, the final judgment dismissing the Derivative Action, or any other proceedings in the action, including an appeal.

     10. Neither the Stipulation nor any document referred to therein nor any action taken to carry out the Stipulation is, may be construed as or may be used as an admission by or against the Defendants, or any of them, of any fault, wrongdoing or liability whatsoever.

11. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Carrier Access shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Carrier Access shareholders.

12. The motion for preliminary approval of the settlement agreement **(#67)** is granted. Due to the parties' settlement of their claims, all motions to dismiss **(#20, #30, 34)** are denied.

Dated this 8th day of November, 2007

                                         **BY THE COURT:**

_Marcia S. Krieger_
Marcia S. Krieger
United States District Judge